TEXACO, INC. v. WILLIAM B. BROWN, SHERMAN KENNEDY, AND BILL CLEVE

No. 763SC708

(Filed 6 April 1977)

**Compromise and Settlement § 1— settlement agreement — claim of fraud in original contract**

A settlement agreement executed by defendants at a time when they had full knowledge of all the material facts barred defendants' right to recover on claims based on alleged fraud by plaintiff in the procurement of the original contracts between the parties.

APPEAL by defendants from *Long, Judge.* Order entered 1 April 1976 in Superior Court, CRAVEN County. Heard in the Court of Appeals 9 February 1977.

Plaintiff brings this action to recover from the defendants an amount due by Fabulous Foods Corporation. Defendants are guarantors of payment of Fabulous Foods' obligations.

Plaintiff entered into a series of lease agreements with Fabulous Foods. Defendants, Brown, Kennedy and Cleve were owners and operators of Fabulous Foods. On 13 July 1971, defendants executed unconditional guaranties of the payment of all obligations due by Fabulous Foods to plaintiff. Fabulous Foods became delinquent and defendants were notified of the default. On the 27th day of July, 1973, plaintiff, the defendants and Fabulous Foods Corporation entered into a settlement agreement. Under the terms of this agreement, Fabulous Foods agreed to reimburse the plaintiff for rental deficiencies resulting under the terms of the settlement agreement. Defendants, Brown, Kennedy and Cleve, joined in the same settlement agreement unconditionally guaranteeing to plaintiff the payment of the obligations of Fabulous Foods and reaffirming their unconditional guaranties of 13 July 1971. According to the terms of the settlement agreement the rental deficiencies, for the period 1 January 1973 through 31 December 1973, owed plaintiff by Fabulous Foods is $27,590.50. Demand has been made for this amount upon Fabulous Foods and defendants but payment has not been made. According to the terms of the settlement agreement, defendants Brown and Kennedy jointly and severally guaranteed all of the obligations of Fabulous Foods to plaintiff and defendant Cleve guaranteed one-third of the total. The settlement agreement was made a part of the complaint.

The defendants answered and counterclaimed. They alleged and attempted to prove the following: Plaintiff is estopped from asserting the validity of any written instruments executed by defendants with plaintiff because the documents were executed in reliance on the false and fraudulent representations of plaintiff's agent, Robert L. Andrews. Plaintiff had been exposed to financial liability and debts of other corporations as a result of guaranties plaintiff had made on behalf of these corporations and that plaintiff sought, through a fraudulent scheme, to transfer its contingent liability to defendants. Plaintiff's agent, An-

drews, contacted defendants and urged the defendants to purchase a bankrupt corporation known as Satellite 3-N-1 Corporation. That corporation was indebted to Mercantile Financial Corporation of Chicago, Illinois, and payment of that debt (approximately $120,000.00) had been guaranteed by plaintiff. At plaintiff's agent's urging, defendants bought Satellite and, in return, plaintiff guaranteed that it would assist defendants in getting loans sufficient to allow them to operate restaurants then owned by Satellite as well as securing loans to build new restaurants. Plaintiff realized that defendants' acquisition and operation of additional restaurants were essential to the profitable operation of Satellite. In exchange for the plaintiff's guaranty, defendants would be required to pay the indebtedness of Satellite to Mercantile. Plaintiff's agent also guaranteed defendants certain restaurant sites on interstate highways throughout the eastern United States and that plaintiff would, through long-term ground leases with defendants, guarantee defendants' ability to secure financial strength with which to build the proposed additional restaurants. Based upon the representations of plaintiff's agent, defendants borrowed approximately $200,000.00 to pay Satellite's indebtedness to Mercantile and to revamp and operate the newly acquired restaurants. Defendants were relying on plaintiff's false representations that plaintiff would provide Fabulous Foods with long-term leases that would enable defendants to secure sufficient financing for the necessary expansion and successful operation of Fabulous Foods' restaurants. Plaintiff failed to enter into any such lease agreements, and defendants were damaged in the amount of $350,000.00.

Plaintiff moved for a summary judgment, and in support of its motion, it submitted defendants' depositions along with the deposition of Robert L. Andrews in which he stated that he never promised defendants that plaintiff would enter into a long-term lease agreement with them.

The court granted a summary judgment for the plaintiff on defendants' counterclaim, but not on plaintiff's claim for relief. From this partial summary judgment, defendants appealed.

*Beaman, Kellum, Mills and Kafer, P.A., by James C. Mills, for plaintiff appellee.*

*James, Hite, Cavendish and Blount, by Marvin Blount, Jr., for defendant appellants.*

VAUGHN, Judge.

The essence of this case may be stated as follows: Defendants allege that plaintiff obtained defendants' obligations on the original agreements by fraudulent representations. (We assume, without so deciding, that defendants have properly pleaded fraud with respect to the original contracts.) Plaintiff denies that there was any fraud in connection with those agreements. Absent the settlement agreement, defendants would have been at liberty to defend, on the grounds of fraud, any action brought by plaintiff and to assert their claim for damages resulting from plaintiff's fraud. Plaintiff would have had the opportunity to refute those allegations. The parties did not elect to litigate. Instead, with full knowledge of all material facts, the parties elected to compromise. The "Settlement Agreement" was executed on 27 July 1973. It made specific reference to each of the earlier agreements entered into by the parties. The agreement continued:

". . . WHEREAS, the parties hereto desire to reach a mutually satisfactory and beneficial settlement of all their mutual rights and obligations,

NOW, THEREFORE, in consideration of the mutual promises, covenants, and conditions set forth herein, and for other good and valuable consideration, the parties agree as follows. . . ."

The foregoing declaration of the intentions of the parties was followed by a detailed recital of the new rights to obligations of the parties arising from the "Settlement Agreement."

Defendants, well before they executed the settlement agreement, had knowledge of all matters they now assert in their effort to avoid their obligations arising from the settlement agreement. An essential element of actionable fraud is, therefore, missing. That element is that a party to whom the alleged false and fraudulent representation is made must reasonably rely thereon and be deceived to his injury. *Products Corporation v. Chestnutt*, 252 N.C. 269, 113 S.E. 2d 587. Defendants do not even allege that at the time they executed the settlement agreement, they were relying on false representations of defendants as an inducement to execute the agreement.

The settlement agreement, executed for the parties' stated purpose of bringing about "a mutually satisfactory and bene-

ficial settlement of all their mutual rights and obligations," bars any right to recover on any claims arising out of the antecedent contracts. The judgment is affirmed.

Affirmed.

Judges HEDRICK and CLARK concur.